IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-1187-AP
Bankr. Case No. 06-17238-SBB

In re:

RICKY DONOVAN VAN VLEET
SSN: XXX-XX-9158,

      Debtor.
_____

Civil Action No. 08-cv-1188-AP
Bankr. Case No. 06-17238-SBB

In re:

RICKY DONOVAN VAN VLEET, d/b/a
FIRST FINANCIAL CENTRE, INC.,

      Debtor.

DOUGLAS BAILEY,

      Appellant,

v.

TOM H. CONNOLLY

      Appellee.

_____

ORDER DENYING MOTIONS FOR STAY PENDING APPEALS OF (1) ORDER AND
JUDGMENT HOLDING DEBTOR IN CONTEMPT AND (2) ORDER AND JUDGMENT
HOLDING DOUGLAS BAILEY IN CONTEMPT
_____

Kane, J.

     These appeals arise out of the Bankruptcy Court's Order in the underlying bankruptcy

proceedings holding both Debtor Ricky Donovan Van Vleet and Douglas Bailey in contempt. They are before me on the contemnees' related Motions (Doc. 6 and Doc 9) for Stay Pending Appeal. I heard oral argument from the parties on Monday, July 21, 2008. Because I had not at that time been provided with a copy of necessary documents including the Bankruptcy Court's contempt order, I took the matter under advisement until those documents could be obtained. I have now reviewed the briefs, the order and other documents of record and deny the motions.

The movants have not presented a showing of a strong likelihood of success on the merits of the appeal. By a standard of abuse of discretion or clear error such showing as was presented falls far short of meeting the burden. In fact, the contrary is shown.

The first objection to the Bankruptcy Court's finding of contempt is that Bankr. Rule 7015 was violated because the Bankruptcy Judge ordered on February 20, 2008 that the Trustee submit a Bill of Particulars of the conduct of the Debtor and Mr. Bailey upon which the Trustee relied to establish contempt of the orders of the court. The Bill was provided on February 22 and fully four more hearings were held on February 28, March 4, March 5 and March 6, 2008. There was clearly no lack of notice to the contemnees nor was there a denial of due process and each had a full opportunity to be heard. Mr. Bailey, who had demanded the evidentiary hearing, did not appear at all.

The Debtor and Mr. Bailey characterize the Bankruptcy Court's Order as holding them in criminal contempt, entitling them to a higher standard of due process. The contention is without merit and presents no likelihood of success on the merits for any appeal taken therefrom. The evidence presented by the Trustee was clear and convincing that the contemnees interfered substantially with the Trustee's pursuit of his duties and substantially violated the Court's orders.

The Bankruptcy Court found upon substantial evidence that (1) Mr. Bailey and the Debtor had knowledge of (a) the Vanuatu Order; (b) the Settlement Order; and (c) the Order Confirming Trustee's Authority; (2) that Mr. Bailey and the Debtor did, in fact, violate the Orders; and (3) that the Orders were specific and definite enough for Mr. Bailey and the Debtor to understand and to comply with.

The movants allege the orders issued violated their First Amendment rights. There is no prior restraint involved in a court prohibiting interference with its orders even if that interference is achieved by the use of the press or speech. It is the interference that is the gravamen. One is free to exercise freedom of speech and of the press, but is not free to avoid the consequences of violating a court order through either medium.

As to the second requirement that an appellant must establish a threat of irreparable injury absent a stay, the gist of the orders violated was to cease and desist from prohibited conduct. No irreparable injury occurs by a court ordering compliance with prohibitory orders *pendente lite*. As to the orders requiring payment of money sanctions, by definition no irreparable injury can flow from such an order even if it ultimately proved to be erroneous. The remedy is for the contemnees to apply to the issuing court for relief on the ground of impossibility of performance. The movants' attempt to create an issue on appeal justifying a stay is not well-taken. While it is true that impossibility of performance may be a defense to a show cause order, it is not grounds for appeal when the order of payment is a means of purging the contempt. Rather, the appropriate remedy is as stated above – *viz.,* the contemnees can show the issuing court, not the court on appeal, that compliance is impossible.

Third, the movants must show a lack of substantial harm from the issuance of a stay.

They attempt to do so by urging that the "primary" focus of the Trustee's contempt motion was to prevent the Debtor or Mr. Bailey from interfering with the Trustee's settlement of the Vanuatu judgment, and that because the Vanuatu judgment has been settled, no harm could flow from the stay. Such is pure sophistry. If, indeed, one steals a car and it is recovered and returned to the lawful owner; the act of taking it is no less a theft. Similarly, if the Vanuatu controversy were settled; it was in spite of the violation of the court's order and the violation of that order is no less a contempt. What the movants fail to recognize is that the violation of any court order is a matter of substantial harm and the delay of vindicating that order is equally a matter of substantial harm.

The final consideration is the assurance that the issuance of a stay would not be contrary to the public interest. The public has no greater interest than the orderly administration of justice. Other interests such as the public health and safety may be equally important, but not more. To tie a court up in knots by thwarting its orders, no matter how intricately the knots are drawn, is decidedly against the public interest and staying its orders is equally contrary to the public interest.

For the foregoing reasons, the motions for stay are DENIED.

Dated: July 24, 2008                         **/s/ John L Kane**
                                                               SENIOR U.S. DISTRICT JUDGE