IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-01188-WYD

IN RE: RICKY DONOVAN VAN VLEET, d/b/a FIRST FINANCIAL CENTRE, INC.

    Debtor,

DOUGLAS BAILEY,

    Appellant,

v.

TOM H. CONNOLLY,

    Appellee.

---

**AMENDED ORDER**

---

THIS MATTER comes before the Court on Douglas Bailey's appeal arising out of the chapter 11 bankruptcy case (the "Bankruptcy Case") of Ricky Donovan Van Vleet ("Van Vleet"), d/b/a First Financial Centre, Inc. This appeal is one of several related appeals pending before me, including but not limited to: 08-cv-00506-WYD; 08-cv-592-WYD; and 08-cv-505-WYD. Bailey appeals an order of the United States Bankruptcy Court for the District of Colorado ("Bankruptcy Court") that held Bailey in contempt; assessed a fine of $1,000 per day; ordered Bailey to "cause the issuance of letters to the government of Vanuatu and all other interested parties withdrawing and disclaiming all other interested parties withdrawing and disclaiming all demands, threats and complaint;" ordered him to appear in person at a status hearing on July 2, 2008; ordered him to pay the Creditor's Committee's attorney's fees of $9,782 and to pay the trustee's

attorney's fees, which the Trustee claims are $159,697.98.

## I. APPELLATE JURISDICTION

The United States District Court for the District of Colorado has jurisdiction over this appeal. The bankruptcy court's order imposing sanctions is a final order subject to appeal under 28 U.S.C. § 158(a)(1).

## II. STANDARD OF REVIEW

"For purposes of standard of review, decisions by trial courts are traditionally divided into three categories, denominated questions of law (reviewable de novo), questions of fact (reviewable for clear error), and matters of discretion, (reviewable for abuse of discretion)." *Pierce v. Underwood*, 487 U.S. 522, 558 (1988); see Fed. R. Bankr. P. 8013; *Fowler Bros. v. Young*, 91 F.3d 1367, 1370 (10th Cir. 1996). The district court functions as an appellate court and is authorized to affirm, reverse, modify, or remand the bankruptcy court's ruling. Bankr. R. 8013. Findings of fact may be set aside only if they are clearly erroneous. *In re. Blehm Land & Cattle Co.*, 859 F.2d 137, 138 (10th Cir. 1988). Conclusions of law are subject to de novo review. *Id.* Mixed questions of fact and law are reviewed *de novo* if they involve primarily legal issues and for clear error if they involve primarily factual considerations. *In re Wes Dor Inc.*, 996 F.2d 241 (10th Cir. 1993). Legal conclusions from facts are reviewed *de novo*. *In re Golf Course Builders Leasing, Inc.*, 768 F.2d 1167, 1169 (10th Cir. 1985).

## III. BACKGROUND

On January 22, 2008, the Trustee filed a Motion for Order to Show Cause Why Debtor and Douglas Bailey Should Not be Held in Contempt ("Contempt Motion"). The

Contempt Motion asserted that Bailey should be held in contempt for violation of a January 7, 2008 Order "(Settlement Order"). Van Vleet filed his objection to the Contempt Motion on January 23, 2008. Bailey filed his objection to the Contempt Motion on January 29, 2008. He also demanded an evidentiary hearing on the Contempt Motion. The Bankruptcy Court conducted a forthwith preliminary hearing on the Contempt Motion on January 23, 3008 ("Preliminary Hearing"), as well as an evidentiary hearing ("Contempt Hearing") that spanned five days. The contempt hearing commenced on February 20, 2008, and concluded on February 28, 2008. At the hearing, the Trustee sought to present evidence that Bailey had violated other court orders in addition to the Settlement Order. Bailey's counsel objected. The Trustee filed a Bill of Particulars on February 22, 2008, which broadened the issues before the Bankruptcy Court. Bailey objected.

Three orders of the Bankruptcy Court were part of the basis for holding Bailey in contempt. I will briefly review these key orders. On April 26, 2007, the Bankruptcy Court entered an Order Granting Trustee's Expedited Motion for Order Authorizing (i) Operation of Certain of the Estate's Vanuatu Business Interests; (ii) Sale of Certain Vanuatu Assets Free and Clear of All Liens, Claims, Interests and Encumbrances; (iii) Application of Net Sale Proceeds to Protect and Preserve Remaining Vanuatu Assets; and (iv) Exercise of Equity Interests in the Vanuatu Business as Necessary to Accomplish Same ("Vanuatu Order"). In that order, the Bankruptcy Court authorized the Trustee to take several actions in relation to the bankruptcy estates including some of the following relevant provisions:

(1) Trustee is authorized to exercise all powers available to him as trustee and as representative of the estate holding the interests described in the Vanuatu Motion to operate those assets in Categories A and B and to preserve and protect them, pending further order of this Court.

(2) Trustee is authorized to sell the estate's 100 equity interest in Harbor Villa and/or cause the entity to sell the property owned by Harbor Villa free and clear of all liens, claims, interests, and encumbrances (including any and all "interests" in Harbor Villa within the meaning of § 363 (f) of the Bankruptcy Code) of non-Vanuatu entities without further order of the Court and to apply the proceeds of such sale to pay ordinary and customary sale expenses and to the HV Lien.

(3) Trustee is authorized to sell the Port Villa Townhomes free and clear of all liens, claims, and interests and encumbrances (including any and all "interests" in the Port Villa Townhomes within the meaning of § 363 (f) of the Bankruptcy Code) of non-Vanuatu entities without further order of the Court and to apply the proceeds of such sale to any ordinary and customary sale expenses and to pay the PV Lien.

(4) Trustee is authorized to exercise all powers available to him as trustee and as representative of the estate to sell or cause the entity to sell the assets in Category D at one or more private sale in Vanuatu on such terms and at such price as Trustee, in the exercise of his best business judgment shall determine without further order of this Court.

(5) Trustee is authorized to exercise his rights as equity holder in the Vanuatu business as necessary to accomplish the relief requested in the Vanuatu Motion, including to elect and appoint directors and management elect and appoint directors and management (including Trustee). Trustee shall have control of the Vanuatu Entitles in all respects and Debtor shall relinquish any such control. Debtor shall remain on the boards of directors of the Vanuatu Entities until such time as he resigns or the Trustee, acting as shareholder removes him.

The second Bankruptcy Court Order relevant to the Contempt Order is the

Interim Order Granting Motion for Order Granting Trustee Authority to Settle Controversy Between Kakula Island Resorts Limited and the Government of the Republic of Vanuatu ("Settlement Order"), filed January 7, 2008. The relevant portions of that Order include the following:

> (1) Trustee is authorized to negotiate a settlement of Kakula Island Resorts Limited's interest in the judgment entered in the case titled Kakula Island Resorts Limited and Douglas Bailey v. Russell Navi and the Government of the Republic of Vanuatu, pursuant to the terms set forth in the Motion;
>
> (2) Trustee shall comply with the applicable law of Vanuatu in connection with the settlement.

Finally, the third Order relevant to the Bankruptcy Court's finding that Bailey was in civil contempt is the Order Confirming Authority of Tom Connolly, Trustee, filed January 24, 2008 ("Authority Order"), which includes the following relevant provision:

> Ricky Donovan Van Vleet, Douglas Bailey, Sean Griffin, Robert Sugden, and anyone else purporting to act on behalf of Ricky Donovan Van Vleet or any of the Companies, if such person has not been authorized by Trustee, are hereby ordered to cease and desist to act for, or purport to act for, the Companies, the property, businesses, rights and opportunities and claims now held by Trustee and his estate.

IV.  DISCUSSION

Bailey raises five legal issues on appeal which he claims necessitate reversal. First, Bailey argues that the Bankruptcy Court held him in contempt for violating orders that neither mandated nor prohibited the conduct he is alleged to have engaged in. Second, the Bankruptcy Court's legal conclusion that Bailey could be punished by contempt for violating an order that was entered after the conduct occurred is contrary to the law. Third, the Bankruptcy Court's legal conclusion that Bailey could be punished

by contempt for interfering with administration of the bankruptcy estate, even when no order or statute was violated, is an implausibly expansive view of the contempt power. Fourth, the remedies imposed were criminal sanctions, not civil. Fifth, the Bankruptcy Court held Bailey in contempt for actions he was privileged to take.

Bailey also raises several procedural errors on appeal which he argues require the Contempt Order to be reversed. First, Bailey argues that the Bankruptcy Court erred in permitting the Trustee to substantially expand the contempt charged while the hearing was pending and in denying Bailey's request for a continuance to prepare to defend the new charges. Bailey also argues that the contempt hearing was conducted with no regard for the Federal Rules of Evidence and such evidentiary errors prevented Bailey from receiving a fair hearing and affected his substantial rights.

> A. Contempt Order Authority

Bailey argues that the Bankruptcy Court erred in holding him in contempt because 1) interfering with the administration of a bankruptcy estate cannot be the basis of contempt unless there is an order containing explicit mandatory or prohibitory command that is sufficient to give the parties notice that if they violate that command they will be held in contempt; 2) the specified order that prohibits Bailey's acts was entered after the Trustee's Contempt Motion was filed; 3) interfering with the administration of the bankruptcy estate cannot be the basis of contempt.

As to Bailey's first argument, Bailey asserts that as a matter of law the Bankruptcy Court erred in holding him in contempt for violating the Vanuatu Order and the Settlement Order because these Orders do not contain any injunctive language and

6

nothing in the Orders gives notice that Bailey would be held in contempt for acting or refraining from acting in any particular way. In his reply brief, Bailey notes that the Trustee does not respond to this argument. After careful examination of the Trustee's brief, I was unable to find a response to this issue as well. I shall, however, review the language of the Vanuatu Order and the Settlement Order to satisfy myself as to whether the Bankruptcy Court erred in holding Bailey in civil contempt for allegedly violating these Orders.

To be held in contempt, a court must find (1) the party violated a specific and definite court order; (2) the party had notice of the order; and (3) the party did in fact violate the order. *In re Lucre Management Group, L.L.C.*, 365 F.3d 874, 875 (10th Cir. 2004); Consumers Gas & Oil, Inc. v. Farmland Industries, Inc., 84 F.3d 367, 371 (10th Cir. 1996). In *Consumer Gas,* Farmland Industries, Inc., appealed a district court order that held Farmland in contempt for breaching and order approving the parties' settlement agreement. The Tenth Circuit reversed, holding that where the order approving the settlement did not expressly set forth the terms that the parties were to perform, the breach of the settlement agreement could not be punished by contempt. See also *In re Zipper*, 207 B.R. 695, 698 (Bankr. Kan. 1997)(holding that if an approval order of a settlement agreement is intended to be footing for a finding of contempt it must contain language informing affected parties that they are within the structure of its commands).

In this case, after a careful review of findings of fact and conclusion of law in the Contempt Order, I find that this matter must be remanded to the Bankruptcy Court to

make further factual findings as to (1) how Bailey's conduct specifically violated the Vanuatu and Settlement Orders; and (2) the specific provisions of the aforementioned Orders that Bailey has violated. While the Bankruptcy Court gives a lengthy recitation of the alleged misconduct by both Bailey and Van Vleet, the Bankruptcy Court fails to tie those facts specific prohibited conduct or actions referred to in the Vanuatu and Settlement Orders in a clear enough manner for me to determine if civil contempt is an appropriate remedy.

Second, Bailey argues that he could not be held in contempt for violating the Order Confirming Trustee's Authority ("Authority Order") as this order was entered on January 24, 2008, two days after the Trustee filed his Contempt Motion. In addition, Bailey asserts that there are no factual findings made by the Bankruptcy Court that 1) Bailey had any notice of the Authority Order or, if he did, when he received such notice; or 2) that Bailey took any actions after he received notice of the order.

In response, the Trustee argues that the timing of the entry of the Authority Order does not negate the conduct found by the Bankruptcy Court. Further, the Trustee asserts that Bailey and Van Vleet continued their pattern of interference well after January 24, 2008, the date of the Authority Order. The Trustee also argues that he was allowed to amend the pleadings to include the Bill of Particulars, which alleged that Bailey violated numerous orders, including the Authority Order.

Again, after careful review of the Contempt Order, I find that this matter must be remanded to the Bankruptcy Court for the Bankruptcy Court to make further factual findings as to (1) the specific directive in the Authority Order that Bailey has violated; (2)

8

whether Bailey had any notice of the Authority Order; and (3) whether Bailey took any actions after he received such notice of the Authority Order which violated the Authority Order.

As to Bailey's third argument that interfering with the administration of the bankruptcy estate cannot be the basis of contempt, the Trustee asserts that Bailey's action of interference with the administration of the bankruptcy estate does violate statutory proscriptions, specifically 11 U.S.C. § 542(a); 18 U.S.C. § 152(5), (7); 18 U.S.C. § 153; and 18 U.S.C. § 157.

Again, the Bankruptcy Court makes no specific factual finding or conclusions of law regarding which specific provisions of the Bankruptcy Code were violated and how those specific provisions were violated by Bailey. For that reason, this matter must also be remanded to the Bankruptcy Court so that the Bankruptcy Court has the opportunity to make appropriate factual findings and conclusions of law as to (1) what specific provisions of the Bankruptcy Code were violated by Bailey; (2) how those provisions were violated by Bailey; and/or (3) if the alleged contempt is based on Bailey's, the debtor's, and their agents interference with the bankruptcy estate how such interference rises to the level of civil contempt.

I will not address the other issues raised in Bailey's Appeal as they directly flow from whether there is an enforceable contempt order in this case.

IV. CONCLUSION

Based on the foregoing, the decision of the Bankruptcy Court is remanded to the Bankruptcy Court for proceedings consistent with the requirements of this Order.

Dated: March 30, 2009

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief U. S. District Judge